UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YAN WANG,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cv-01117-TL<br><br>ORDER GRANTING EXTENSION OF TIME TO SERVE DEFENDANT |

　　　This matter comes before the Court on Plaintiff Yan Wang's response to the Court's Order to Show Cause for failure to serve Defendant United States Citizenship and Immigration Services ("USCIS"). Dkt. Nos. 5, 6.

　　　Plaintiff is proceeding *in forma pauperis* (upon waived payment of the Court fee) and *pro se* (without an attorney). Dkt. Nos. 3, 4. Plaintiff is not a serial litigant before this Court and explains that "[b]ecause I don't have any experience to file such complaint, I was waiting for the response from the court for the next step." Dkt. No. 6 at 1. Plaintiff has requested a reasonable

ORDER GRANTING EXTENSION OF TIME TO SERVE DEFENDANT - 1

extension of time of thirty (30) days to "research the correct rules and procedures" and represents a willingness to "follow the court rules and submit the 'proof of service' ASAP." *Id.*

The Court must extend the time period for service if good cause is shown for the defective service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A court "must apply considerable leeway when assessing whether a *pro se* civil rights litigant['s] failure to comply strictly with time limits . . . should be excused for 'good cause' . . . ." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Even where no good cause is shown, district courts retain broad discretion to extend the time period for service. *See In re Sheehan*, 253 F.3d at 512; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In the absence of good cause, courts may consider factors such as any statute of limitations bar, prejudice to defendants, and whether there has been actual notice of the lawsuit or eventual service. *See Efaw*, 473 F.3d at 1041 (internal citation omitted) (finding an abuse of discretion where court extended time frame for service despite defendant having no knowledge of the suit and being prejudiced by a seven-year delay in service and plaintiff never claiming ignorance of service requirements during portions of the case when proceeding *pro se*).

The denial letter Defendant sent to Plaintiff does not note any statute of limitations for seeking judicial review. *See* Dkt. No. 4-2. While Defendant is likely yet unaware of this lawsuit given that Plaintiff has admittedly not attempted service of any kind (*see* Dkt. No. 6 at 1), Defendant is highly unlikely to be prejudiced by the delay in service. Considering these factors, in combination with *pro se* Plaintiff's representations in response to the Order to Show Cause, the Court FINDS that Plaintiff has shown good cause for the delay and GRANTS the requested extension to give Plaintiff time to review the requirements of serving a United States agency under Federal Rule of Civil Procedure 4. In particular, Rule 4(i)(2) contains the requirements for

serving an agency of the United States. Plaintiff shall FILE proof of service on Defendant or a waiver form **by no later than December 18, 2023**. The Clerk of Court is DIRECTED to issue summons accordingly.

Dated this 17th day of November 2023.

Tana Lin
United States District Judge