UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YAN WANG,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-01117-TL<br><br>ORDER ON PLAINTIFF'S PROOF OF SERVICE |

　　This matter comes before the Court on Plaintiff Yan Wang's response to the Court's Order to Show Cause for failure to serve Defendant United States Citizenship & Immigration Services ("USCIS"). Dkt. Nos. 5–7.

　　Plaintiff Yan Wang filed a complaint against USCIS on July 27, 2023, seeking judicial review of the denial of an N400 application because Plaintiff "missed the hearing [for] which I never received the mail notification." Dkt. No. 1 at 1, 5. Plaintiff did not submit a request for summons to issue to Defendant at that time (*see* Dkt. No. 1), but because Wang is a pro se

ORDER ON PLAINTIFF'S PROOF OF SERVICE - 1

plaintiff, the Court granted Wang additional time to serve process or to show cause for why the Court should not dismiss the Complaint. Dkt. No. 5. On November 16, 2023, the Court received Plaintiff's response that explained "because I don't have any experience to file such complaint, I was waiting for the response from the court for the next step." Dkt. No. 6 at 1. Plaintiff requested an additional thirty (30) days to "research the correct rules and procedures" so as to "follow the court rules and submit the 'proof of service' ASAP" (*id.*), which the Court granted (Dkt. No. 7). Plaintiff filed an executed service of summons on December 15, 2023, indicating that Wang left the summons at USCIS's Seattle office. Dkt. No. 9.

      The rule governing service of process on U.S. government agencies requires plaintiffs to serve the agency itself as well as the United States, by and through service on the United States Attorney for the district where the action is brought and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)–(2). Proper service on an agency of the United States under Rule 4(i)(2) requires the plaintiff to "send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2). Here, Plaintiff's executed proof of service indicates that Wang left the summons at the USCIS Seattle office on December 8, 2023. Plaintiff's service is still inadequate. First, the service on a United States agency must be sent via registered or certified mail to the agency, as required by Rule 4(i)(2). Second, Rule 4(i)(2) requires that a plaintiff must also serve the United States in addition to the agency. *Id.* Plaintiff has not provided proof of service on the United States Attorney for the Western District of Washington or the Attorney General of the United States as required by Rule 4(i)(1)(A)–(B) and 4(i)(2).

      "[P]ro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). That said, the Court must extend the time period for service if good cause is shown for the defective

service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Further, a court "must apply considerable leeway when assessing whether a *pro se* civil rights litigant['s] failure to comply strictly with time limits . . . should be excused for 'good cause.'" *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

The Court finds good cause to excuse Plaintiff's service errors. Plaintiff has been responsive to the Court's orders to show cause and has been diligently trying to proceed with the case. Plaintiff attempted to serve the USCIS by leaving the summons at the USCIS Seattle office. However, Plaintiff's efforts do not comply with the rule which requires delivery by registered or certified mail. Further, Plaintiff's delivery is problematic because service in this manner does not confirm whether the letter was left with an actual employee of USCIS. For these reasons, the Court finds good cause to grant Wang one more opportunity to complete service upon the United States Attorney, the Attorney General of the United States, and USCIS.

The Court therefore ORDERS Plaintiff to file proof of service consistent with the requirements of Federal Rule of Civil Procedure 4(i)(2) and (i)(1)(A)–(B), or waiver, by **no later than April 15, 2024.** If the United States makes an appearance on behalf of the named defendant by this deadline, the Court will assume that service was properly accomplished, and no further action will be required pursuant to this Order.

Dated this 15th day of March 2024.

Tana Lin
United States District Judge